UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUSSELL L. ADKINS ) | |
| ) | CASE NO. 07-10790(1)(13) |
| Debtor ) | |

### MEMORANDUM-OPINION

This matter came before the Court on the Objection to Proof of Claim No. 5 Filed by Attorney Kent Overstreet. The Court considered the Objection, the Response to the Objection to Claim of Kent Overstreet and the comments of counsel at the hearing held on the matter. For the following reasons, the Court **SUSTAINS** the Objection of the Debtor to Proof of Claim No. 5 Filed by Attorney Kent Overstreet.

### FACTS

The Debtor was named as a Defendant in an action in the Edmonson Circuit Court filed by Personal Finance Company ("Personal Finance"). The action against Debtor was based on his default on a Note and Security Agreement he executed with Personal Finance. Personal Finance hired attorney Kent Overstreet ("Overstreet") to collect on that debt. On June 13, 2007, the Edmonson Circuit Court entered a Judgment in favor of Personal Finance against Debtor which stated as follows:

> It is hereby ORDERED AND ADJUDGED, that the Plaintiff
> [Personal Finance] recover of and from the Defendant [Debtor],
> individually, the sum of $3,414.92, plus interest thereon at the rate
> of 24.00% per annum from January 25, 2007 until date of
> Judgment and then at the rate of 24.00% thereafter until paid in

> full, plus attorney fees in the amount of 33.33% of sums recovered
> on Plaintiff's behalf, plus Plaintiff's court costs herein expended;
> . . .

Terms of the Note and Security Agreement, Disclosure Statement and Security Agreement between Debtor and Personal Finance states:

> If after default this Note is referred to an attorney not a salaried
> employee of the Creditor, Borrower agrees to pay reasonable
> attorney's fees.

On July 16, 2007, Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On July 30, 2007, Personal Finance filed a Proof of Claim in Debtor's bankruptcy case for a secured claim in the amount of $4,660.34 based on the Judgment obtained on June 13, 2007 in Edmonson Circuit Court.

On August 10, 2007, Overstreet filed a Proof of Claim for a contingency unsecured nonpriority claim of $480.41. The Proof of Claim references a Judgment dated May 17, 2007.[1]

## **LEGAL ANALYSIS**

Debtor objects to the claim of Overstreet because he had no contract with Overstreet and owes no debt to Overstreet. Overstreet contends he is a third party beneficiary of the contract between Debtor and Personal Finance. Overstreet also claims Debtor is indebted to him by virtue of the Judgment entered against Debtor by the Edmonson Circuit Court. The Court finds no merit to Overstreet's arguments.

Initially, the Court notes there is no contract or privity of contract between Debtor and Overstreet. While Debtor's contract with Personal Finance provided that he was to be responsible

---

[1] The record does not contain any reference to a Judgment dated May 17, 2007.

for Personal Finance's attorney's fees, there is no reference in that contract requiring Debtor to pay a third party directly for Personal Finances attorney's fees.

The term "claim" under the code has a very broad definition. It includes any right to payment whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. 11 U.S.C. §101(5). Although the term "claim" is given this expansive definition in the Code, "such definition may not confer the status of claimant upon a petitioning creditor who has no right to payment . . ." In re First Energy Leasing Corp., 38 B.R. 577, 581 (Bankr. E.D. N.Y. 1984).

The Judgment upon which Overstreet bases his claim was issued in favor of Personal Finance. Personal Finance hired Overstreet and is the only entity Overstreet has a contract with regarding the payment of attorney's fees. Overstreet would not be able to maintain an action in his own name to collect on the Judgment. Only Personal Finance could maintain such an action. Furthermore, Personal Finance has filed a claim in the Debtor's case which appears to include the attorney's fees that were awarded by the Edmonson Circuit Court. Overstreet's remedy is against Personal Finance, not the Debtor.

At most, Overstreet is an incidental beneficiary under the contract between Personal Finance and Debtor. See, King v. National Industries, Inc., 512 F.2d 29, 33 (6th Cir. 1975) and Peacock v. Damon Corp., 458 F. Supp. 2d 411 (W.D. Ky. 2006). As such, he has no enforceable rights against the Debtor. Overstreet's claim for payment of his attorney's fees must be made against the party with whom he contracted, not the Debtor.

## **CONCLUSION**

For all of the above reasons the Objection to Proof of Claim No. 5 filed by attorney Kent Overstreet of the Debtor Russell Atkins is **SUSTAINED**.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                            )
                                                  )
    RUSSELL L. ADKINS              )
                                                  )   CASE NO.  07-10790(1)(13)
                                 Debtor     )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated by reference herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Proof of Claim No. 5 filed by attorney Kent Overstreet of the Debtor Russell Atkins, be and hereby is, **SUSTAINED**.  Claim No. 5 is disallowed.